**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Scott BOLING, Defendant–
Appellant.**

No. 90–6407.

United States Court of Appeals,
Tenth Circuit.

Oct. 31, 1991.

Susan Otto, Acting Federal Public Defender (Jerome T. Kearney, Asst. Federal Public Defender, on the brief), Oklahoma City, Okl., for defendant-appellant.

Ted A. Richardson, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before HOLLOWAY, LOGAN and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Timothy Scott Boling was sentenced, pursuant to a guilty plea to conspiracy to steal government property in violation of 18 U.S.C. § 371, to a term of fifteen months incarceration to be followed by twenty-four months of supervised release. After he had served the incarceration and ten months of the supervised release period defendant violated the conditions of the release. He was arrested on new charges of intent to distribute and possession of drug paraphernalia, and he failed to report his arrest to his probation officer. At the revocation hearing in this matter the district court sentenced defendant to fifteen months imprisonment and an additional term of fourteen months supervised release. In formulating the new sentence, the court apparently relied upon U.S.S.G. § 7B1.3(g)(2), which states as follows:

> "Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, that defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment."

The statutory authority for the guidelines treating modification or revocation of supervised release include 18 U.S.C. § 3583(e)(2)–(3), which provide as follows:

> "(e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)— . . .
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, . . .
>
> (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for

**1462**

time previously served on postrelease supervision, if it finds by preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; ..."

Defendant relies upon *United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990), which held that under 18 U.S.C. § 3583(e)(2)–(3) the district court had to either revoke the term of supervised release and incarcerate the defendant violator or modify the terms of supervised release, but it could not do both. *Id.* at 898–99. *See also United States v. Gozlon-Peretz*, 894 F.2d 1402, 1405 n. 5 (3d Cir.1990) (noting, in dicta, that "after revocation of a supervised release term, there is no provision for additional post-release supervision"), *aff'd on other grounds*, —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). We cannot agree with the *Behnezhad* court. We note that case was decided without the benefit of the United States Sentencing Commission's interpretation of § 3583(e) found in U.S.S.G. § 7B1.3(g)(2), which became effective only several months after the *Behnezhad* opinion. Moreover, we benefit from the reaction to *Behnezhad* and Congress' subsequent attempt to clarify its original intent in enacting § 3583.

In dealing with violations of supervised release the Sentencing Commission chose to issue policy statements rather than guidelines, in order to permit evaluation after experience with the new supervised release concept. In so doing it recognized 18 U.S.C. § 3583(e)(3) as limiting the period of imprisonment authorized for violations of supervised release. U.S.S.G. ch. 7, pt.

A2(b); *see also id.* at A3(b) (referencing "relatively low ceilings set by statute"). It also chose the approach to sanctioning violations of supervised release that treated violations as a "breach of trust," leaving the punishment for new criminal conduct to the court responsible for sentencing for that new conduct. *Id.* at A3(b). In promulgating the policy statements which include U.S.S.G. § 7B1.3(g)(2), the Commission acknowledged the *Behnezhad* court's interpretation of § 3583(e); this may explain its "to the extent permitted by law" reference in § 7B1.3(g)(2). But clearly the Commission disagreed with that decision, as evidenced both by the policy statement it promulgated and its transmission to Congress of a proposal to address the issue. *See* U.S.S.G. § 7B1.3, comment. (n. 3).

The comments of members of Congress who are now in the process of amending § 3583 make clear that they too disagree with *Behnezhad*. An amendment to § 3583, passed by the Senate on July 11, 1991, as part of the Biden–Thurmond Violent Crime Control Act of 1991, expressly provides:

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized ... the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statue [sic] for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

137 Cong.Rec. S10021 (daily ed. July 15, 1991). Regarding this amendment, Senator Thurmond stated, "These proposals were suggested to me by the U.S. Sentencing Commission with the desire that they might be promptly enacted so that the supervised release component of sentences *will function as Congress intended.*" 137 Cong.Rec. S8892 (daily ed. June 27, 1991) (emphasis added). The senator con-

tinued by declaring the legislation "would *clarify* that Federal courts retain the flexibility to order an additional period of supervised release following the imposition of a term of imprisonment for a violation of a condition of supervised release." *Id.* (emphasis added). Although we must apply and construe the law as enacted and not as Congress might in the future amend it, we accept Senator Thurmond's amendment as indeed mere clarification of the original intent of § 3583(e).[1]

In our view, the proper reading of the statutory limitation of 18 U.S.C. § 3583(e)(*3*), is that the maximum prison term a court may impose when revoking supervised release is one equal to "the term of supervised release," *id.*, originally imposed, without credit for time previously served under postrelease supervision. We also believe that the proper reading of 18 U.S.C. § 3583(e)(*2*) permits the court dealing with a violation of a supervised release term to extend a term of supervised release to the maximum term allowable for the original offense. Read properly, we believe § 3583(e) evinces Congress' intent to confer upon courts broad powers and flexibility in administering and overseeing terms of supervised release. Despite the word "or," which the dissent finds so limiting, we believe § 3583(e) permits a court when revoking a term of supervised release to impose further imprisonment and to reimpose supervised release following imprisonment. The combined term of imprisonment plus reimposed supervised release is limited to the maximum term of supervised release authorized by statute for the original offense. U.S.S.G. § 7B1.3(g)(2), therefore, is a proper application of the statute.

We do not agree with *Behnezhad* that a necessary construction of § 3583(e) is that

upon revocation the prisoner must be given all new imprisonment or all new supervised release; § 3583(e)(3) expressly permits the court to require imprisonment for "part of the term of supervised release" previously imposed. That section does not require that the other part of the term of supervised release is automatically extinguished, nor does it imply that a court may not under § 3583(e)(2) extend the term of supervised release remaining. An all or nothing reading is contrary to our reading of Congress' intent. It is contrary to the Sentencing Commission's intent and interpretation, as evidenced by its promulgation of § 7B1.3(g)(2) and its promotion of a clarifying amendment before Congress. It is contrary to the range of imprisonment terms contemplated by U.S.S.G. § 7B1.4, which depends upon the grade of the violation based upon an unenhanced criminal history category. An all or nothing reading would give the sentencing judge a more draconian choice, which itself seems contrary to the spirit of the guidelines.

We believe the word "or" should not be read unnecessarily to limit a court's flexibility in administering supervised release. The dissent's reading, for example, would deny a court the option of ordering a "person to remain at his place of residence during nonworking hours" under § 3583(e)(4) and at the same time extending a term of supervised release or otherwise modifying its conditions under § 3583(e)(2). It seems to us unreasonable to say that a court, once exercising its authority under one option of § 3583(e), could never again return to § 3583(e) to exercise its authority under another subsection. We believe that Congress intended that a court have authority to choose one § 3583(e) option, and a month later, a day later, or at the same instant, choose another § 3583(e) option.

---

**1.** Senator Thurmond sponsored the new amendment to § 3583 with Senators Kennedy and Biden as cosponsors. 137 Cong.Rec. S8892 (daily ed. June 27, 1991). Importantly, Senator Kennedy was the primary sponsor of the original Sentencing Reform Act which included § 3583, with Senators Thurmond and Biden among the cosponsors of the Act. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 37 n. 3, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182,

3220 n. 3. Thus, these senators' views as to the intent and meaning of § 3583(e) would seem to have special significance. These three senators were also senior members of the Senate Judiciary Committee in 1986 when § 3583(e) was amended adding what is now § 3583(e)(3). *See* Pub.L. No. 99–570, § 1006, 100 Stat. 3207, 3207–6 to 3207–7 (1986); 1986 U.S.Code Cong. & Admin.News XCV (listing members of the Judiciary Committee).

We recognize the strong presumption against a conjunctive interpretation of "or" in a criminal statute, *see United States v. O'Driscoll*, 761 F.2d 589, 597–98 (10th Cir. 1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). But the situation before us is not substantially different from that in 18 U.S.C. § 3563(b), which surely is a classic example of the conjunctive use of "or."

Because the district court's sentence of fifteen months in prison followed by fourteen months of supervised release, a total of twenty-nine months, is within the authorized maximum supervised release term of thirty-six months authorized by the statute for the original offense, *see* 18 U.S.C. § 3583(b)(2), the district court's judgment is AFFIRMED.

HOLLOWAY, Circuit Judge, dissenting:

In my judgment, the district court committed reversible error by imposing an additional term of supervised release following the new 15 month sentence of incarceration, in violation of 18 U.S.C. § 3583(e)(3). Thus, I respectfully dissent.

This is a matter of first impression in this circuit. To date, only the Ninth Circuit has spoken directly to this question. *See United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990).[1] *Behnezhad* held that under § 3583, "a district court is not permitted to revoke a person's supervised release, order a term of incarceration *and* then order another term of supervised release." *Id.* at 898 (footnote omitted) (emphasis in original). Thus, under the statute's construction in *Behnezhad*, the district court erred when sentencing defendant Boling to a new term of supervised release. I am convinced that we should follow the well-reasoned construction of the statute by the Ninth Circuit.

We are aided by settled rules of statutory construction. As we recently stated in *Knutzen v. Eben Ezer Lutheran Housing Center*,

It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute. A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.

*Id.*, 815 F.2d 1343, 1348 (10th Cir.1987) (quotation marks and citation omitted). Despite this sound principle of giving meaning to "every word," there is no consideration given in the majority opinion to the small, but critically important word "or" which Congress placed between subparagraphs (3) and (4) of § 3583(e).[2] To

---

1. Defendant-appellant Boling focuses his appeal on the holding of the *Behnezhad* opinion:

    Mr. Boling contends that the court's reliance on U.S.S.G. § 7B1.3(g)(2) to revoke supervised release, impose a sentence of incarceration, and then impose an additional term of supervised release is reversible error of law as provided by 18 U.S.C. § 3583(e)(3). *United States v. Behnezhad*, 907 F.2d 896 (9th Cir. 1990).

    Appellant's Brief at 4.

2. Paragraph (e) of the statute, in full, reads:

    (e) **Modification of conditions or revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

    (1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice;

    (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

    (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation

me, the "or" is of paramount importance and it was the insertion of the disjunctive "or" which led the *Behnezhad* court to conclude that a district court is not empowered to revoke supervised release for a violation of conditions and order imprisonment, and then also impose supervised release thereafter.

That the majority opinion's interpretation of § 3583 reads the disjunctive "or" out of the statute is made clear by its analysis relying first on the authority conferred by § 3583(e)(3), and then on that given by § 3583(e)(2), and concluding from their joinder that § 3583(e) permits a *"combined term of imprisonment plus reimposed supervised release[.]"* Majority op. at 1463 (emphasis added). Although the majority purports to "recognize the *strong presumption* against a conjunctive interpretation of 'or' in a criminal statute," its analysis neither explains why this presumption does not apply here nor does it indicate where, if ever, the presumption would apply. *Id.* at 1463 (emphasis added). Thus, instead of observing the plain meaning of the disjunctive "or," that meaning is ignored and the statute is rewritten by the majority to allow sentencing by piecing together power from different subparagraphs that were obviously written by Congress as alternatives.

In *Behnezhad*, the defendant had asserted that because the statute separates these subparagraphs by the word "or," the district court "could not choose part of one alternative and part of another." *Behnezhad*, 907 F.2d at 898. Considering this question, the Ninth Circuit observed that § 3583 delineates the options a court has in modifying or revoking supervised release: Subsection (e)(1) permits termination after

a year if supervision is no longer needed; (e)(2) permits modification of the length and terms of supervised release at any time before the term expires; and, (e)(3) permits revocation and imprisonment upon finding a violation of the conditions imposed for supervised release. *See id.* at 898.

Relying on the rule of statutory construction applied in this court's opinion in *United States v. O'Driscoll*, 761 F.2d 589, 598 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986), the *Behnezhad* court concluded that the subparagraphs represented independent, alternative sentencing choices available to the court when the conditions of supervised release have been violated. In *O'Driscoll*, we recognized the "[f]undamental rule[ ] of statutory construction" that:

[w]hen the term "or" is used, it is used in the *disjunctive* sense unless the legislative intent is clearly contrary.... And in penal statutes the word "or" is seldom used other than as a disjunctive *and can never be interpreted as meaning the conjunctive 'and' if the effect would be to increase the punishment; the word "or" indicates permissible alternative sentences.*

*Id.* at 597–98 (citations omitted) (emphasis altered). Following this rule, the *Behnezhad* court concluded it must "strictly interpret 'or' as disjunctive because to do otherwise would generally have the effect of increasing a person's punishment." *Id.* (citing *O'Driscoll*, 761 F.2d at 598).

In the instant case, as in *Knutzen* and *Behnezhad*, "[w]e therefore cannot ignore the use of the 'or'" in the statute we here construe, § 3583(e). *Knutzen*, 815 F.2d at

revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony; *or*

(4) order the person to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling de-

vices, except that an order under this paragraph may be imposed only as an alternative to incarceration.
18 U.S.C. § 3583 (emphasis added).

Because "[w]ords are to be interpreted according to the proper grammatical effect of their arrangement within the statute[,]" 3A Sutherland Statutory Construction 208 (4th ed. 1986), Congress' use of the structure: "(1); (2); (3); *or* (4)" in § 3583(e) requires that we acknowledge the implicit "or" between each subparagraph as well as the explicit "or" between the third and fourth subparagraphs.

1348. Furthermore, as noted in *Behnezhad*, "there is nothing [in the legislative history of § 3583] that would suggest that we should give the word 'or' anything but its natural meaning." *Id.*, 907 F.2d at 898–99. And I would also agree with the Ninth Circuit that because Congress knew how to expressly give a court the flexibility to reimpose conditional release when § 3583 was enacted, as shown by its treatment of parole violations, we should not assume it did so *sub silentio* here. *See Behnezhad* at 899 (examining 18 U.S.C. § 3565).[3]

I find no justification to reject the sound reasoning of *Behnezhad* and the rule of construction recognized in our *O'Driscoll* opinion. The majority relies, first, upon statements by one member of Congress addressing S.1241 (a pending bill which seeks to rectify perceived deficiencies in § 3583), and to a lesser degree, upon the policy statement contained in § 7B1.3(g)(2) of the Sentencing Guidelines. *See* majority op. at 1461–63. Neither supports ignoring the plain words of § 3583, or abandoning the settled rules of statutory construction.

As to the former, the Supreme Court has recently noted that "it is questionable whether [such views] ... even amount to subsequent legislative history—itself an unreliable guide to legislative intent." *Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 1927 n. 4, 114 L.Ed.2d 524 (1991) (citing *Pierce v. Underwood*, 487 U.S. 552, 566–67, 108 S.Ct. 2541, 2550–51, 101 L.Ed.2d 490 (1988) and *Quern v. Mandley*, 436 U.S. 725, 736 n. 10, 98 S.Ct. 2068, 2075 n. 10, 56 L.Ed.2d 658 (1978)). And even with the overlap of committee membership and some sponsorship related to § 3583 and S.1241, *see* majority op. at 1464 n. 1, I believe it is improper to accord such statements weight as legislative history in order to read the word "or" out of the statute.[4] Indeed, to my mind, the majority's use of a proposed *amendment* to § 3583 to justify adding a new component to defendant Boling's sentence raises *ex post facto* concerns that we should not ignore. *See generally, Weaver v. Graham*, 450 U.S. 24, 28–31, 101 S.Ct. 960, 963–966, 67 L.Ed.2d 17 (1981) (noting that "[t]he *ex post facto* prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred").[5]

The majority's recourse to § 7B1.3(g)(2) is not persuasive. This nonbinding "policy statement," by itself, does not allow us to ignore the disjunctive structure of § 3583(e). Although the Sentencing Commission's Commentary to this policy statement contends that § 3583 "neither expressly authorizes nor precludes a court from ordering that a term of supervised release recommence after revocation[,]" *id.*, application note 2, the Commission qualifies its declaration that supervised release can be recommenced with the phrase "to

---

**3.** The majority's belief that Congress by way of § 3583(e) has granted federal courts "broad powers and flexibility in administering and overseeing terms of supervised release[,]" majority at 1463, is directly at odds with this court's most recent views of § 3583. *See, e.g., United States v. Padilla*, 947 F.2d 893, 894 (10th Cir.1991) (noting that federal court sentencing power for supervised release "is constrained by 18 U.S.C. 3583"); *United States v. Esparsen*, 930 F.2d 1461, 1476–77 (10th Cir.1991) (same). Rather than liberalizing federal court sentencing power, Congress has directed that because Boling breached the conditions of his release by possessing cocaine, his term of supervised release shall be terminated and he must be imprisoned for "not less than one-third of the term of supervised release." *See* § 3583(g).

**4.** Indeed, an examination of the text of the proposed bill undermines the majority's view that S. 1241 would only "clarify" what already exists in § 3583. As presently worded in the senate bill, the "or" between the subparagraphs in paragraph (e) is retained—implicitly rejecting the majority's view that Congress intended that these provisions be "combined [.]" Majority op. at 1463. Rather, S. 1241 *adds* a completely new section (h), entitled "Supervised Release Following Revocation," which *standing alone*, would permit courts to reimpose supervised release *following imprisonment* for breach of an earlier release. To date, section (h) has not been enacted. Thus, the proper role of the judiciary should not be a race with Congress to amend a federal statute.

**5.** To me it is unpersuasive to use the statement by one senator concerning an amendment to § 3583 which has only passed the Senate but has *not* been adopted by the Congress to date.

the extent permitted by law[.]"[6] *Id.* Significantly, the Commission implicitly concedes that its interpretation of § 3583 is contingent upon further action by Congress, noting that in the wake of *Behnezhad,* it "has transmitted to the Congress a proposal for a *statutory amendment to address this issue.*" *Id.,* application note 3 (emphasis added).

To me, the *Behnezhad* opinion has adopted the correct reading of § 3583 in concluding that a district court may not "mix and match" between the statute's alternative subparagraphs. I agree with the Ninth Circuit that the statute is not ambiguous and should be applied as written until changed by Congress. Thus, I would remand with directions that the unauthorized sentence be vacated and that a new sentence be imposed in accord with the views expressed in this dissent.

---

**6.** In fact, the Commission's view on reimposing supervised release stated in § 7B1.3 appears inconsistent with its declaration that upon finding a violation of release conditions, the court "may continue the defendant on supervised release ..., *or* revoke supervised release and impose a term of imprisonment." U.S.S.G. ch. 7, Pt. A(b) (1990) (emphasis added).