UNITED STATES of America, Plaintiff,

v.

**Gregory RANSON, Defendant.**

**No. 90–78–CR.**

United States District Court,
S.D. Florida.

Jan. 16, 1992.

Barry Sabin, Asst. U.S. Atty., Fort Lauderdale, Fla., for U.S.

Hugo A. Rodriguez, Asst. Federal Public Defender, Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant's Motion To Vacate.

The government has filed a Response. The defendant then countered with his Reply and Supplemental Authority. The motion is now ripe for disposition.

On March 28, 1990, the defendant pleaded guilty to making a false statement in violation of 18 U.S.C. § 1001. On July 27, 1990, the Court sentenced the defendant to eight months of incarceration to be followed by three years of supervised release.

After his release from confinement the defendant violated the conditions of his supervised release. This Court conducted a hearing and on March 21, 1991, entered a judgment revoking the defendant's supervised release. The Court sentenced the defendant to imprisonment for a term of 12 months. Significantly, the Court also ordered that upon completion of the twelve month period of incarceration the defendant was to "re-commence his Supervised Release until his scheduled expiration date of September 20, 1993."

The defendant has now moved to vacate that portion of his sentence which requires him to recommence his supervised release after his release from incarceration. Ranson contends that the statute which governs modification of a period of supervised release, 18 U.S.C. § 3583(e)(3), does not allow the Court to impose a period of supervised release to follow the period of incarceration imposed as a result of his violating the conditions of the original period of supervised release. Further, he argues that U.S.S.G. § 7A1.3(b) similarly does not provide the Court with such an option.

The defendant also relies on *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990) to support his argument. In *Behnezhad,* the Ninth Circuit addressed the identical issue and held that a "district court is not permitted to revoke a person's supervised release, order a term of incarceration *and* then order another term of supervised release." *Id.* at 898 (emphasis in original). Citing *Behnezhad,* the Eleventh Circuit recently has noted that § 3583 and U.S.S.G. § 7A1.3 delineate all the alternatives a Court may choose from when a person violates the conditions of supervised release. *See United States v. Scroggins,* 910 F.2d 768 (11th Cir.1990). However, the precise issue raised by this motion appears to be undecided by the Eleventh Circuit.

The government opposes the defendant's motion, adopting the argument advanced by the government in *Behnezhad.* In *Behnezhad,* the government claimed that the court should not read the relevant statutory provisions strictly but, instead, should interpret them liberally, allowing a district court to flexibly tailor its punishment of a person who violates the conditions of supervised release. The Ninth Circuit rejected the argument.

This Court will rely on *Behnezhad* and will grant the defendant's motion to vacate. Just as the Ninth Circuit did in *Behnezhad,* this Court rejects the government's argument that the statutory provisions at issue should be read liberally to allow flexibility in the punishment of persons who violate the terms of their supervised release.

The Congress recited the options available to a court when modifying or revoking a period of supervised release in the disjunctive. *See* 18 U.S.C. § 3583. Section 3583 is not ambiguous. Thus, the Court holds that when the Court sentences the defendant to a term of incarceration after revoking that defendant's supervised release, the Court may not then order an additional term of supervised release to be served after completion of the newly imposed period of incarceration. *See United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990); *United States v. Boling,* 947 F.2d 1461 (10th Cir.1991) (Holloway, J., dissenting).[1]

---

**1.** After the parties had briefed this motion, the Tenth Circuit, in *United States v. Boling,* 947 F.2d 1461 (10th Cir.1991), refused to follow the Ninth Circuit's ruling in *Behnezhad,* and instead held that a district court was empowered to impose a period of supervised release to follow any period of incarceration imposed after revo-

cation of a term of supervised release. Judge Holloway vigorously dissented in *Boling,* believing the Ninth Circuit's ruling in *Behnezhad* to be correct. As the textual citation makes clear, this Court agrees with Judge Holloway and will follow *Behnezhad* and not *Boling.*

The government also argues that this case is distinguishable from *Behnezhad* because the Court here simply *recommenced* the original period of supervised release and did not impose a "new" period of release. The Court finds the distinction to be semantic and rejects the government's contention.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendant's Motion To Vacate Improper Sentence is GRANTED. That portion of the judgment entered by the Court on March 21, 1991, which orders that the defendant "recommence his Supervised Release until his scheduled expiration date of September 20, 1993," is hereby VACATED. Upon release from confinement, the defendant will not be subject to any additional period of supervised release.

DONE AND ORDERED.