**UNITED STATES of America, Plaintiff,**

v.

**William JOHNSON, Defendant.**

**No. 89–62CR(6).**

United States District Court,
E.D. Missouri, E.D.

May 19, 1992.

Dorothy McMurtry, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Jim Delworth, Federal Public Defender, St. Louis, Mo., for defendant.

## ORDER

GUNN, District Judge.

This matter is before the Court on defendant William Johnson's motion to dismiss the government's petition on supervised release.

Following a trial by jury, defendant was convicted on three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on August 11, 1989 to a term of sixteen months imprisonment and three years supervised release on each count to run concurrently. After completing the term of incarceration, defendant commenced his period of supervised release. On May 29, 1991, the Court revoked defendant's term of supervised release and sentenced him to a term of nine months incarceration to be followed by the remainder of his term of supervised release. This motion came before the Court after the government sought revocation of defendant's most recent term of supervised release.

■ Defendant seeks to revoke the second term of supervised release. He asserts that the Court lacks the statutory authority to impose a period of supervised release after it has revoked a previous term of supervised release and ordered an additional term of incarceration.

Pursuant to 18 U.S.C. § 3583(e), the Court has four sentencing options when it revokes a term of supervised release after the defendant has served a term of imprisonment. The Court may:

(1) terminate a term of supervised release and discharge the person released ...;

(2) extend a term of supervised release ... and may modify, reduce, or enlarge the conditions of supervised release ...;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ...; or

(4) order the person to remain at his place of residence during nonworking hours....

18 U.S.C. § 3583(e).

■ No single option authorizes the Court to impose a term of imprisonment followed by a term of supervised release. Furthermore, the word "or," not "and," joins the four alternatives. "Or" is a disjunction that precludes the Court from combining the choices to create a hybrid sentence. *See Resolution Trust Corp. v. CedarMinn Bldg. Ltd. Partnership*, 956 F.2d 1446, 1452–53 (8th Cir.1992) (reciting canon of statutory construction that, with limited exceptions, "or" gives independent meaning to the words it separates). Accordingly, the applicable statute does not authorize the Court to impose a second term of supervised release on this defendant.

The majority of circuit courts that have addressed this issue follow the position this Court adopts today. *See United States v. Cooper*, 962 F.2d 339 (4th Cir.1992); *United States v. Holmes*, 954 F.2d 270 (5th Cir.1992); *United States v. Williams*, 958 F.2d 337 (11th Cir.1992); *United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990). Only the Tenth Circuit has reached a contrary conclusion, allowing a district court to revoke a term of supervised release and impose a term of incarceration followed by reimposition of the term of supervised release. *United States v. Boling*, 947 F.2d 1461 (10th Cir.1991). The *Boling* decision relies in part on proposed amendments to section 3583 that specifically provide for this situation. *Id.* at 1462. That court also finds support in the United States Sentencing Commission's policy statement, adopted in response to the Ninth Circuit's decision in *Behnezhad* and found in U.S.S.G. § 7B1.3(g)(2). *Id.*

■ The Court does not find either of these purported insights into legislative intent persuasive. Proposed legislation does not demonstrate prior legislator's intent in passing legislation. Furthermore, the policy statement offered in support of the government's position was adopted long after section 3583 was enacted. The statute clearly offers disjunctive options. Post-enactment policy statements cannot serve to modify the legislation so that it now be read in the conjunctive.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss petition on supervised release is granted.

IT IS FURTHER ORDERED that defendant's current term of supervised release is vacated.

IT IS FURTHER ORDERED that the government's petition on supervised release is dismissed.