Re **UNITED STATES of America, Plaintiff,**

v.

**Royce J. CLOWN, Defendant.**

**Crim. No. 88–30043–02.**

United States District Court, D. South Dakota, C.D.

July 13, 1992.

Dan Graves, Olinger, Lovald, Robbennolt & McCahren, Pierre, S.D., for defendant.

Dennis R. Holmes, Asst. U.S. Atty., Office of U.S. Atty., Pierre, S.D., for plaintiff.

## MEMORANDUM OPINION

DONALD J. PORTER, Senior District Judge.

The issue before the Court is whether the Court may order a defendant who has violated conditions of probation to serve a period of supervised release following incarceration.

## FACTS

Defendant Royce J. Clown plead guilty to Sexual Abuse of a Minor and on December 23, 1988, was sentenced in this Court to thirty months custody and three years supervised release following incarceration. Clown was received on supervision on February 22, 1991. At that time, Clown enrolled in Mitchell Vocational Technical School and went through outpatient chemical dependency treatment.

In May of 1991, Clown requested to go to an inpatient treatment program because he had been drinking. Clown informed the United States Probation Officer that during treatment he anticipated prosecution for writing insufficient checks during treatment. Clown was placed in a halfway house in Mitchell, South Dakota upon completing treatment. Clown was subsequently convicted of writing insufficient checks and ordered to pay small fines and make other restitution. In October, 1991, Clown plead guilty and was fined for disorderly conduct in connection with a street fight with another individual. The United States Probation Office did not take action on these violations because Clown had been required to make restitution, was participating in counseling on sexual offense issues and for his chemical dependency, and was undergoing treatment at a community treatment center.

On or about April 23, 1992, however, the probation officer was advised by the Rapid City Police Department that Clown had been arrested for driving under the influence of alcohol. A petition on supervised release was filed and a warrant issued.

On June 30, 1992, the Court held a hearing at which defendant, counsel for defendant, and counsel for plaintiff appeared. The Court found the evidence presented constituted a violation of the supervised release order.

## ANALYSIS

Although a majority view has emerged, the courts of appeal have reached different conclusions regarding the reimposition of a prisoner's supervised release. Relying on the plain meaning of § 3853, the Fourth Circuit in *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992), held that a district court cannot combine the alternatives within § 3583(e). Although the interests of the public are best served by flexible sentencing rules, the *Cooper* Court stated, Congress is the proper institution for adding flexibility to § 3583(e). The Eleventh Circuit in *United States v. Williams,* 958 F.2d 337 (11th Cir.1992), vacated the district court's reimposition of supervised release

following a term of incarceration in stating that such a fundamental change in sentencing policy, although wise, was appropriate for Congress only, and not the courts. Similarly, in *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), the Ninth Circuit held that the district court could not sentence defendant to twenty-four months of supervised release after revoking defendant's original supervised release and ordering defendant to be incarcerated for ten months. According to the *Behnezhad* Court, 18 U.S.C. § 3583 specified the alternatives available to a district court with respect to a supervised release, and that § 3583 did not provide district courts authorization to revoke a supervised release, order confinement, and reissue a term of supervised release. *Id.* at 898–99. In *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992), the Fifth Circuit agreed with the *Behnezhad* Court and held that a plain meaning reading of § 3583 precluded a district court from recommencing supervised release after revocation and incarceration. However, in *United States v. Boling,* 947 F.2d 1461 (10th Cir.1991), despite a vigorous dissent, a Tenth Circuit panel affirmed the district court's decision revoking defendant's supervised release and sentencing defendant to fifteen months in prison and fourteen months of supervised release. The court concluded that supervised release could be reinstated after incarceration for the reason that "it would be unreasonable to say that a court, once exercising its authority under one option of § 3583(e), could never again return to § 3583(e) to exercise its authority under another subsection." *Id.* at 1463. The *Boling* Court upheld the sentence reasoning that the combined total of the prison and supervised release sentences was within the maximum supervised release term authorized by the statute for the original offense. *Id.* at 1464.

The Eighth Circuit has yet to address whether, under 18 U.S.C. § 3583(e), a district court may revoke an individual's supervised release, order a period of incarceration, and recommence the term of supervised release.

■ Supervised release is governed by 18 U.S.C. § 3583. Under § 3583, a district court may sentence a defendant to supervised release following a term of imprisonment. The district court is authorized to modify the conditions of or revoke supervised release after considering the factors listed in § 3553.[1]  *Id.* at § 3583(e).

Section 3583 contains the options available to a district court in altering a term of supervised release. The term of supervised release may be extended or the conditions of supervised release may be modified, reduced, or enlarged at any time before supervised release expires or is terminated by the court. *Id.* at § 3583(e)(2). The court may revoke a term of supervised release, and order the defendant to serve all or part of the term of supervised release in prison if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). The last alternative open to the court under § 3583(e) is to order that the defendant remain at his or her place of residence during nonworking hours.

■ The plain meaning of § 3583 supports the conclusion that Congress intended to preclude district courts from recommencing the original period of supervised release after ordering a term of incarceration. When statutory alternatives are connected by the conjunction "or", courts generally infer that Congress intended the alternatives to operate exclusive of and distinct from one another. *See United States v. Lawrence*, 915 F.2d 402, 407 (8th Cir. 1990); *United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir.1989); *see also Garcia v. United States*, 469 U.S. 70, 73, 105

S.Ct. 479, 481, 83 L.Ed.2d 472 (1984) ("Canons of construction indicate that terms connected in the disjunctive in this manner be given separate meanings."). It is true, of course, that such an inference can be overcome upon a showing that a disjunctive reading would lead to absurd results or "would frustrate a clear statement of legislative intent." *See Smeathers*, 884 F.2d at 364. But here, the Court cannot conclude that reading the options alternatively will lead to an absurdity. Congress drafted § 3583 in the disjunctive and this Court must read § 3583 as it is written.

■ In concluding that a district court could recommence supervised release after ordering a term of incarceration following revocation of the original term of supervised release, the *Boling* court placed heavy reliance on the United States Sentencing Commission's interpretation of § 3583(e) as stated in § 7B1.3(g)(2). Section 7B1.3(g)(2) of the guidelines states that "[w]here supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment." The Commentary to this section expressly refers to the decision in *Behnezhad* and provides notification that "the Commission has transmitted to the Congress a proposal for a statutory amendment to address this issue." Section 7B1.3(g)(2), however, became effective on November 1, 1990, subsequent to the date on which defendant was sentenced. As a result, the policy statement does not guide the Court's analysis in this case. *See United States v. Williams*, 943 F.2d 896, 896 (8th Cir.1991) (quoting

1. The factors the court must consider include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defen-

dant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced; (4) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. §§ 3553(a), 3583(e).

*United States v. Von Washington,* 915 F.2d 390 (8th Cir.1990)).

The policy statement in effect at the time of defendant's sentencing stated that "[u]pon a finding of a violation of supervised release ..., the court may: (1) revoke a supervised release; or (2) extend the term of supervised release and/or modify the conditions of supervised release." U.S.S.G. § 7A1.3, p.s. (Nov. 1989). There is no mention of the Court's authority to recommence supervised release in this policy statement. The statement is written clearly in the disjunctive form. The Commission's subsequent substitution for this statement in favor of the current policy statement which expressly authorizes recommencement of supervised release reveals very little. It is entirely probable that upon further reflection, the Commission decided its earlier intention that the alternatives operate separately should give way to a more flexible approach which allows the district court to recommence supervised release following incarceration.

That Congress is considering an amendment to § 3583 that expressly authorizes a district court to place a defendant on a term of supervised release after imprisonment is not persuasive authority for this Court's discretion to reissue supervised release. *See* 137 Cong.Rec. S10021 (daily ed. July 15, 1991). The amendment passed the Senate on July 11, 1991, as part of the Biden–Thurmond Violent Crime Control Act of 1991. *See Boling* 947 F.2d at 1462. The *Boling* court relied on statements made by senators sponsoring the amendment as a "clarification of the original intent of § 3583(e)." *Id.* at 1463. To rely on an amendment which may or may not survive inclusion in a legislative bill which, in turn, may or may not pass the Congress and may or may not be signed by the President, constitutes supposition of the highest degree. *See United States v. Holmes,* 954 F.2d 270, 272–73 (5th Cir. 1992). "[T]he proper role of the judiciary should not be a race with Congress to amend a federal statute." *United States v. Boling,* 947 F.2d 1461, 1466 (10th Cir. 1991) (Holloway, J., dissenting).

## CONCLUSION

Congress has enumerated the distinct alternatives available to a district court when revoking a term of supervised release. The alternatives operate separately and were not intended to be intermingled. *See United States v. Gozlon–Peretz,* 894 F.2d 1402, 1405 (3rd Cir.1990) ("By comparison, after revocation of a supervised release term, there is no provision for additional post-release supervision."), *aff'd on other grounds,* —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). As the majority of appellate courts considering this issue has held, the Court concludes that a district court is authorized to order a period of incarceration following revocation, or extend or modify supervised release, but it may not order both. *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Williams,* 958 F.2d 337 (11th Cir. 1992); *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992); *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990); *but see United States v. Boling,* 947 F.2d 1461 (10th Cir.1991).

Based upon the foregoing, it is hereby

ORDERED that Defendant shall be committed to the custody of the Attorney General of the United States or his duly authorized representative for a period of eight months and that supervised release shall not recommence following custody.