972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hermillio SANDOVAL-SANDOVAL, Defendant-Appellant.
 Nos. 91-1389, 91-1396.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1992.
 
 1
 Before MCKAY, Chief Judge, BRORBY, Circuit Judge, and VAN SICKLE,*, Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRUCE M. VAN SICKLE, Senior District Judge.
 
 
 4
 On June 16, 1989, Sandoval was charged in the District of New Mexico with conspiracy to possess with intent to distribute more than one-hundred kilograms of marijuana (count I), and possession with intent to distribute less than fifty kilograms of marijuana (count II). On November 3, 1989, Sandoval entered a plea of guilty to count II. Subsequently, Sandoval was sentenced to ten months imprisonment, followed by two years supervised release. Following imprisonment, Sandoval, an alien, was deported to Mexico.
 
 
 5
 Thereafter, Sandoval was arrested in Garfield County, Colorado and charged with reentering the United States in violation of 8 U.S.C. § 1326(a). On September 18, 1991, Sandoval pled guilty to the charge. Sandoval was then charged with violating a condition of his supervised release; his conviction for unlawful reentry. On October 31, 1991, the district court sentenced Sandoval to ten months imprisonment and three years supervised release for the reentry conviction and nine months imprisonment for violating the terms of supervised release. The sentences were ordered to run consecutively for a total of nineteen months imprisonment.
 
 
 6
 Sandoval contends that the district court abused its discretion in running the sentence for violation of supervised release consecutive to the term of imprisonment for his unlawful reentry conviction. Sandoval also contends that the district court erred in failing to consider alternatives to imprisonment on the supervised release violation.
 
 
 7
 Chapter Seven of the United States Sentencing Guidelines deals with violations of supervised release. Chapter Seven states that the Sentencing Commission has chosen to promulgate policy statements only. In United States v. Lee, 957 F.2d 770 (10th Cir.1992), this court held that the policy statements of Chapter Seven regarding revocation of supervised release are advisory in nature. The policy statements must only be considered by the trial court pursuant to 18 U.S.C. § 3553(a)(5). Here, the district court correctly determined that it had the discretion to run Sandoval's sentence on the supervised release violation concurrently or consecutively to the sentence for illegal reentry.
 
 
 8
 Sandoval contends that the district court improperly relied upon Sandoval's family situation to sentence him to consecutive sentences. At the sentencing hearing, the district court stated:
 
 
 9
 And I will tell you that I can't run your family for you, but I think it would be an extremely selfish thing for you to take your children from their home and school where they are receiving a good education and move them to the country of Mexico. I can't tell you not to do that, but I sure don't recommend it.
 
 
 10
 Tr. 27. Sandoval maintains that the district court sentenced him consecutively because the district court disapproved of Sandoval's decision to have his family join him in Mexico after deportation.
 
 
 11
 Sandoval's argument is without merit. The district court discussed the reasons for imposing consecutive sentences:
 
 
 12
 Let me turn to Mr. Sandoval's particular circumstances. Two things trouble me, Mr. Sandoval about your circumstances here. The first is that you now have two felony convictions. The first conviction arose out of, at least as I read the Presentence Report, out of a widespread drug smuggling business in Columbus, New Mexico that you were an integral part of. And you have been found guilty of that offense, and you served your time in that offense, and you were released to go back to your country, Mexico, but you weren't content to continue to--or to abide by the laws of the United States, and you reentered the United States.
 
 
 13
 Tr. 23.
 
 
 14
 The other thing that concerns me is that in both of these cases, I read in the report in New Mexico that you expressed deep remorse over having been found guilty of that felony, and I read in the report here that you express deep remorse about having been found guilty here, and yet you continue--you have been convicted of two federal felonies. So when you express this deep remorse, although I give you credit on the sentencing calculation for the--for the acceptance of responsibility, I question just how deep your remorse really is.
 
 
 15
 In your case I am going to conclude that assuming I could grant concurrent sentencing, that concurrent sentencing is not appropriate in these two cases. Rather, I am going to start at the tail end here and conclude that consecutive sentencing is appropriate in these two cases.
 
 
 16
 Tr. 25.
 
 
 17
 Sandoval next contends that the district court erred in failing to consider alternatives to imprisonment on the supervised release violation. In United States v. Boling, 947 F.2d 1461, 1463 (10th Cir.1991), this court held that 18 U.S.C. § 3583(e) "permits a court when revoking a term of supervised release to impose further imprisonment and to reimpose supervised release following imprisonment." As quoted above, the district explained its decision to impose a sentence of imprisonment on the supervised release violation to be served consecutively to the sentence imposed for illegal reentry. The sentence imposed on Sandoval was both reasoned and reasonable. Lee, 957 F.2d at 774. Accordingly, the sentences are affirmed.
 
 
 
 *
 Hon. Bruce M. Van Sickle, Senior District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3