980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. MANSON, Defendant-Appellant.
 No. 92-3279.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Charles A. Manson, appeals the district court's revocation of his supervised release and twenty-four month term of imprisonment. The issues are whether: (1) the district court erroneously sentenced Manson to a twenty-four month imprisonment term following revocation of his supervised release; and (2) Manson was required to serve not less than one-third of his supervised release term in prison, as the court found he possessed a controlled substance during his supervised release. For the following reasons, we AFFIRM the district court.
 
 
 2
 Manson pleaded guilty to unlawful use of a communication facility to distribute cocaine, in violation of 21 U.S.C. § 843(b) and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). As a consequence, Manson was sentenced to twelve months imprisonment and a three-year term of supervised release.
 
 
 3
 After his prison release, Manson violated several terms of his supervised release, including: (1) being convicted for obstructing official business and menacing in violation of local law; (2) failure to remain drug free as evidenced by urinalysis results showing positive marijuana and cocaine use on several occasions; and (3) failure to attend drug counseling. As Manson admitted the violations at the revocation hearing and failed to show why the district court should not revoke his supervised release, the district court revoked Manson's supervised release and sentenced him to twenty-four months imprisonment.
 
 
 4
 Apparently the most serious charges against Manson were Grade B violations, U.S.S.G. § 7B1.1(a)(2), and the range for the term of imprisonment was 4-10 months under U.S.S.G. § 7B1.4(a), applicable upon revocation. Nevertheless, under 18 U.S.C. § 3583(g), upon a finding that a defendant violated a condition of supervised release by being in possession of a controlled substance, "the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release." A sentence under that provision would be for a minimum of twelve months, as Manson's supervised release was for three years. Application Note 5 under U.S.S.G. § 7B1.4 "leaves to the court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. §§ 3565(a) and 3583(g)." However, Manson does not dispute the court's ability to use the urinalysis to determine drug possession here. Instead, Manson contends that the district court should have followed the policy statements of U.S.S.G. § 7B1.4 and sentenced him within the guidelines of 4-10 months.
 
 
 5
 Chapter 7 policy statements "are not binding upon the district court, but must be considered by it in rendering a sentence for a violation of supervised release." United States v. Cohen, 965 F.2d 58, 61 (6th Cir.1992). "The United States Sentencing Commission Guidelines Manual makes clear that the Chapter 7 policy statements are not 'guidelines.' Whereas guidelines are binding on the courts, policy statements are merely advisory." United States v. Blackston, 940 F.2d 877, 893 (3d Cir.), cert. denied, 112 S.Ct. 611 (1991). The district court has "discretion to resentence the defendant for any period up to the whole period of supervised release with certain limiting exceptions." United States v. Stephenson, 928 F.2d 728, 730 (6th Cir.1991). "[T]he Sentencing Commission chose to issue policy statements rather than guidelines, in order to permit evaluation after experience with the new supervised release concept." United States v. Boling, 947 F.2d 1461, 1462 (10th Cir.1991). "[Section] 3583(e) evinces Congress' intent to confer upon courts broad powers and flexibility in administering and overseeing terms of supervised release." Id. at 1463. Accordingly, the district court did not abuse its discretion in sentencing Manson to more than ten months, as 18 U.S.C. § 3583(g) does not allow Manson to be sentenced to less than one year.
 
 
 6
 AFFIRMED.