986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lester C. WILLIAMS, Defendant-Appellant.
 No. 92-3354.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1993.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Lester C. Williams challenges his sentence for six months imprisonment issued upon revocation of his supervised release. For the following reasons, we AFFIRM.
 
 I.
 
 2
 On November 16, 1989, defendant pled guilty to one charge of bank theft in violation of 18 U.S.C. § 2113(b). On March 9, 1990, the district court sentenced defendant to time served in custody since his arrest and three years supervised release. As part of his supervised release, defendant had to serve six months of community confinement. Due to repeated violations of the conditions of the supervised release, defendant's sentence was amended several times.
 
 
 3
 Ultimately, on December 10, 1991, the district court modified the sentence to require five months home detention with electronic monitoring, rather than six months of community confinement. The order stated that "[d]efendant's supervised release shall be terminated upon completion of the period of home detention." Defendant failed to comply with the condition of home detention. As a result, on April 2, 1992, the district court revoked defendant's term of supervised release and sentenced defendant to six months imprisonment pursuant to 18 U.S.C. § 3583(e)(3).
 
 II.
 
 4
 Section 3583(e) provides, in pertinent part:
 
 
 5
 (e) Modification of conditions or revocation.--The court may ...
 
 
 6
 * * *
 
 
 7
 (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on post[-]release supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release....
 
 
 8
 18 U.S.C. § 3583(e)(3). The statute plainly provides that if a district court properly revokes a term of supervised release, it may then impose a term of imprisonment for any term equal to the term of supervised release revoked with no credit for time already served. Id.; United States v. Stephenson, 928 F.2d 728, 730 (6th Cir.1991); United States v. Boling, 947 F.2d 1461, 1463 (10th Cir.1991).
 
 
 9
 However, defendant argues that the district court modified the term of his supervised release to only five months by providing that his supervised release would end after five months of home detention. Thus, argues defendant, the maximum prison sentence defendant could receive was five months. The government disagrees, contending that the district court never actually modified defendant's original three-year term of supervised release and, in the alternative, that 18 U.S.C. § 3583(e)(3) allows the district court to revoke a term of supervised release and imprison a defendant for any time up to the original term of supervised release, regardless of any modification of the original term.
 
 
 10
 Section 3583(e)(1) does provide that a district court may terminate a term of supervised release after one year of supervised release has been fulfilled by a defendant, "if [the district court] is satisfied that such action is warranted by the conduct of the person released and the interest of justice...." 18 U.S.C. § 3583(e)(1). Nevertheless, this is not what occurred here. At no point did the district court terminate defendant's supervised release. Rather, the district court provided that:
 
 
 11
 [T]he defendant is sentenced to a period of supervised release under the standard conditions of supervised release plus the additional special condition that defendant shall spend five (5) months in home detention with electronic monitoring.... Defendant's supervised release shall be terminated upon completion of the period of home detention. Except as so modified, the terms of the sentence previously imposed by this Court shall remain in effect. (emphasis added)
 
 
 12
 In essence, the district court created a condition precedent to the termination of the supervised release by stating that the supervised release would terminate "upon completion of the period of home detention." No termination would occur until that condition was met. Because defendant failed to fulfill that condition, the original three-year term of supervised release remained in effect. Upon revocation of it, the district court could sentence defendant to any period of imprisonment up to three years. The six-month sentence fell well within the three-year period and was entirely proper.
 
 
 13
 For all the foregoing reasons, we AFFIRM.