**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SIDNEY FERRIS HANSEN,

    Defendant-Appellant.

No. 00-4091
(D. Utah)
(D.Ct. No. 93-CR-217-J)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Sidney F. Hansen appeals his sentence after pleading guilty to a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

one count indictment for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm Mr. Hansen's sentence.

Following Mr. Hansen's guilty plea, on April 4, 1994, the district court sentenced Mr. Hansen to seventy months imprisonment followed by a thirty-six-month term of supervised release. Mr. Hansen violated the conditions of his supervised release by testing positive for cocaine metabolite benzoylecgonine, and then absconding from supervision until his arrest on April 19, 2000. Thereafter, Mr. Hansen appeared before the district court and admitted to violating the conditions of his supervised release. The district court revoked Mr. Hansen's term of supervised release and resentenced him to eight months imprisonment and twenty-one months of supervised release.

On appeal, Mr. Hansen alleges the trial court erred in imposing both a term of imprisonment and an additional term of supervised release after revoking his initial term. In support, Mr. Hansen points out that at the time of the resentencing hearing, the controlling authority in this circuit was *United States v. Rockwell*, 984 F.2d 1112 (10th Cir. 1993). In *Rockwell*, this court held 18 U.S.C. § 3583(e)(3) required district courts to choose between imposing additional

imprisonment or additional supervised release after revocation of the initial period of supervised release. 984 F.2d at 1117. Mr. Hansen acknowledges the Supreme Court overruled our holding in *Rockwell* in *Johnson v. United States*, 529 U.S. 694 (2000). Nevertheless, Mr. Hansen contends due process of law forbids the retroactive application of *Johnson* for the purpose of sentencing him to both additional imprisonment and supervised release. As a result, Mr. Hansen suggests the district court is required to apply our holding in *Rockwell*, because it was the law of this circuit when the district court resentenced him.[1]

We review legal questions relating to the applicability of 18 U.S.C. § 3583(e) *de novo*. *See United States v. McAffee*, 998 F.2d 835, 837 (10th Cir. 1993) (applying same standard of review to legal questions concerning 18 U.S.C. § 3583(g)). The test for determining whether retroactive application of a judicial decision violates due process is foreseeability. *See Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998), *cert. denied*, 525 U.S. 1075 (1999). The issue is a question of constitutional law reviewable under a plenary standard. *Id.* (quotation

---

[1] On September 13, 1994, Congress enacted 18 U.S.C. § 3583(h), which expressly permits a court to impose both imprisonment and an additional term of supervised release after revocation of a term of supervised release. In *Johnson*, the Supreme Court held § 3583(h) applies to cases in which the initial offense occurred after September 13, 1994. 529 U.S. at 702. Mr. Hansen argues § 3583(h) does not apply to his case, because he committed his initial offense in 1992. We agree and focus our attention on § 3583(e)(3).

marks, alteration and citations omitted). "A judicial construction of a statute is unforeseeable if it is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue.'" *Id.* (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)).

With these standards in mind, we consider this circuit's prior rulings on the 1988 version of 18 U.S.C. § 3583(e)(3), in effect at the time of Mr. Hansen's original conviction.[2] Initially, this court interpreted § 3583(e)(3) as granting district courts authority to impose both additional imprisonment and supervised release after revocation of the initial term of supervised release. *See United States v. Boling*, 947 F.2d 1461, 1463 (10th Cir. 1991). At that time, we recognized the Ninth Circuit's contrary decision in *United States v. Behnezhad*, 907 F.2d 896 (9th Cir. 1990), holding a court must chose between either imposing a term of imprisonment or supervised release. *Boling*, 947 F.2d at 1462-63. However, we rejected the *Behnezhad* holding, noting the United States Sentencing Commission had subsequently issued policy statements interpreting § 3583(e),

---

[2] The 1988 version of § 3583(e)(3) authorized the court to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." In *Johnson*, the Supreme Court noted "the current version of § 3583(e)(3) reads slightly differently," but "focus[ed] on" and applied "the law in effect at the time of [the defendant's] initial crime." *Id.* at 697 n.1; *see id.* at 703-13; *supra* note 1.

and Congress appeared to be in the process of amending § 3583, to reflect disagreement with *Behnezhad. Id.*

When this court later addressed the same issue in *Rockwell*, we reversed our position announced in *Boling. See* 984 F.2d at 1117. In so doing, we acknowledged: 1) the majority of circuits deciding the same issue disagreed with our holding in *Boling,* 2) proposed legislation relied on in *Boling* was never enacted into law, and 3) policy statements contained in the United States Sentencing Guidelines and relied on in *Boling* were not mandatory. *See* 984 F.2d at 1116-17.

Thereafter, the Supreme Court issued *Johnson v. United States* which effectively abrogated *Rockwell. See Johnson,* 529 U.S. at 713. Like the defendant in *Rockwell*, the defendant in *Johnson* was resentenced to a prison term and supervised release after revocation of his initial term of supervised release. *Id.* at 698. The defendant, like Mr. Hansen, argued § 3583(e)(3) did not give district courts power to impose another term of supervised release following imprisonment. *Id.* The Supreme Court held the 1988 version of 18 U.S.C. § 3583(e)(3), in effect at the time of Mr. Johnson's March 1994 conviction, permitted both imprisonment and imposition of an additional term of supervised

release on revocation of a defendant's initial term of supervised release. *Id.* at 697, 703-04, 713. Accordingly, if *Johnson* and its interpretation of the 1988 version of § 3583(e)(3) are applied retroactively, the district court had the authority to impose both a term of imprisonment and supervised release in resentencing Mr. Hansen.

Mr. Hansen argues that because *Rockwell* was the controlling authority in this circuit at the time of his initial sentence, *Johnson* cannot be applied retroactively. To support his position against retroactive application, Mr. Hansen relies almost exclusively on *Devine v. New Mexico Dep't of Corrections*, 866 F.2d 339 (10th Cir.1989). In *Devine*, we held the retroactive application of a New Mexico Supreme Court decision contravened the Fourteenth Amendment's Due Process Clause because the decision was "unforseeable." *Id.* at 339. However, the circumstances in that case are very different then those presented here. In *Devine*, we addressed an issue created when the state legislature passed two different statutes in the same lelgislative session affecting parole eligibility – one requiring a ten-year mandatory prison term for a life sentence and another requiring a thirty-year mandatory prison term for a life sentence. *Id.* at 340. The two contradictory provisions did not achieve equal stature because the ten-year provision was codified and the thirty-year provision was only referenced in the

compiler's notes. *Id.* Even though the thirty-year term provision was not codified until 1980 – well after the defendant's conviction – the New Mexico Supreme Court nevertheless ruled the thirty-year mandatory term applied based on the oblique reference in the compiler's notes. *Id.* at 341, 345.

In concluding the state supreme court's decision violated due process, we applied the standard articulated by the Supreme Court requiring an evaluation "on whether the judicial decision was foreseeable in light of the 'law which had been expressed prior to the conduct in issue.'" *Id.* at 345 (quoting *Bouie*, 378 U.S. at 354). Accordingly, we determined neither the defendant nor any student of law at the time of the defendant's guilty plea could foresee the state supreme court decision requiring the thirty-year mandatory prison term on a life sentence, because: (1) it was not codified at that time, and (2) the actions of both the state legislature and the prosecuting attorneys revealed their belief the thirty-year provision in the compiler's notes was not the prevailing law. *Id.* at 345-46.

Unlike the state supreme court's decision applying a statute obliquely referenced in compiler's notes, the Supreme Court decision in *Johnson* interpreting § 3583(e)(3) was foreseeable. The law concerning the forseeablility of a Supreme Court ruling is clear: "The Supreme Court has held that a change in

the law is foreseeable when circuits are split on the proper construction of a statute." *United States v. Qualls*, 172 F.3d 1136, 1138 n.1 (9th Cir. 1999) (relying on *United States v. Rodgers*, 466 U.S. 475, 484 (1984).) We acknowledge *Rockwell* was the controlling authority in this circuit at the time of Mr. Hansen's initial sentence. However, in that decision we explicitly recognized the circuits were split, and that this court was reversing its prior position on the issue of whether § 3583(e)(3) permitted imposition of both a prison term and supervised release after revocation of the initial term of supervised release. *See Rockwell*, 984 F.2d at 1115-17. Thus, the judicial decision in *Johnson* resolving the split in circuit authority over § 3583(e)(3) was plainly foreseeable and a change in the law from our holding in *Rockwell* was similarly foreseeable. *See id.* As a result, *Johnson* is clearly retroactive in this case and the district court did not violate Mr. Hansen's due process rights in applying § 3583(e)(3) to impose both a term of imprisonment and supervised release in resentencing Mr. Hansen. *See id.*; *Kindt*, 158 F.3d at 1063.

Accordingly, we **AFFIRM** Mr. Hansen's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-8-