FILED
United States Court of Appeals
Tenth Circuit

May 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BLAINE CHARLES MOORE,

    Defendant-Appellant.

No. 08-6230
(D.Ct. No. 5:96-CR-00186-R-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BARRETT, ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant-Appellant Blaine Charles Moore appeals his sentence following

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

revocation of his supervised release on grounds the district court erred by: (1) imposing both a term of incarceration and additional supervised release following revocation of his original term of supervised release; and (2) imposing an unreasonable sentence by failing to adequately explain his sentence in conjunction with the sentencing factors in 18 U.S.C. § 3553(a) and Chapter Seven of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Moore's sentence.

## I. Procedural Background

In 1997, Mr. Moore pled guilty to one count of possession of a machine gun in violation of 18 U.S.C. § 922(o). The district court sentenced him to ninety-six months imprisonment and three years supervised release. Mr. Moore's supervised release began on July 5, 2007. On August 27, 2008, the government petitioned the district court for a warrant or summons concerning the revocation of Mr. Moore's supervised release based on multiple alleged violations. At a revocation hearing on October 1, 2008, the government withdrew its allegations concerning his arrest for breaking and entering and arrest for assault and aggravated battery during his supervised release.[1] Mr. Moore stipulated to the

_____

[1] The transcript of the hearing shows the government agreed to withdraw as violations Mr. Moore's breaking and entering arrest, based on Mr. Moore's
(continued...)

remaining violations, admitting he: (1) tested positive for cocaine on June 6, 2008; (2) committed a theft crime while on supervised release; (3) failed to notify the federal probation officer within seventy-two hours of his arrests for driving under the influence and for breaking and entering; (4) failed to notify the federal probation officer of his change of residence; and (5) failed to submit any verifiable community service hours as instructed by the federal probation officer. Based on Mr. Moore's stipulation to those violations, the district court found by a preponderance of the evidence he violated the terms of his supervised release and ordered his term of supervised release revoked. During the remaining portion of the revocation hearing, counsel for both parties presented argument concerning the sentence to be imposed and Mr. Moore also addressed the district court.

Specifically, Mr. Moore's counsel argued for a sentence below the Guidelines range of eight to fourteen months imprisonment, requesting a sentence of three months incarceration. In support, he pointed out Mr. Moore tested positive for cocaine only once, shortly after his release from prison; had gone to aftercare with no further drug use violations; and committed petty theft for stealing a hot water heater to install in a trailer he was living in. Mr. Moore then

_____

[1](...continued)
counsel's representation that local authorities were not prosecuting him on that charge, and his assault and aggravated battery arrest, given Mr. Moore's intention to contest that charge, for which he had not yet been convicted.

-3-

addressed the district court, stating he wanted to get back to work and know his daughter, had associated with the wrong crowd, and was tired of being in prison. The district court responded by noting Mr. Moore did not "have a very good record." R., Vol. 2 at 8. During its colloquy with Mr. Moore, the district court asked, "[w]hat's your problem, Mr. Moore? ... I have gone back and reread the presentence report and you've got a terrible record." *Id.* Finally, government counsel addressed the court, arguing against a three-month below-Guidelines sentence and pointing to Mr. Moore's substantial drug and alcohol problem; his four or five significant brushes with the law while on supervised release, which included theft and assault; his association with the wrong crowd; and his failure to make the right choices.

In imposing the sentence, the district court explicitly stated it had considered the advisory Guidelines and also noted that it had reviewed all of the records in the case and listened to counsels' arguments and Mr. Moore's statement. It also addressed Mr. Moore, stating, "you do have a dismal record and sometimes prison is the best place for people like you, I'm afraid." *Id.* at 10. It then sentenced Mr. Moore within the advisory Guidelines range to twelve months imprisonment and twenty-four months supervised release.

II. Discussion

On appeal, Mr. Moore contends the district court erred in imposing both a term of incarceration and additional supervised release following revocation of his original term of supervised release. In support, Mr. Moore argues his conduct involving his original firearm conviction occurred prior to the effective date of subsection (h) to 18 U.S.C. § 3583, which expressly authorizes imposition of an additional term of supervised release after imprisonment following revocation of the previous term of supervised release. Mr. Moore's counsel acknowledges this argument was not raised before the district court and is "foreclosed" by the Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000), but explains Mr. Moore specifically requested he present the argument for review on appeal.

As counsel points out, Mr. Moore's argument is precluded as a matter of law. In *Johnson*, the Supreme Court concluded that, even prior to the addition of subsection (h) to § 3583, the statute gave district courts "authority to order terms of supervised release following reimprisonment." *See* 529 U.S. at 713. For this reason, the district court did not err in imposing a term of supervised release together with a term of imprisonment following revocation of Mr. Moore's original supervised release.

Additionally, Mr. Moore contends on appeal the district court imposed an

unreasonable sentence by failing to adequately explain his sentence.  Specifically, he contends the district court failed to consider the Guidelines Chapter Seven policy statements or the 18 U.S.C. § 3553(a) factors and that the record does not otherwise disclose whether his sentence was clearly reasonable and justified.

"In *Gall*, the Supreme Court identified 'failing to consider the § 3553(a) factors' and 'failing to adequately explain the chosen sentence' as forms of procedural error."  *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007)).  In reviewing a sentence imposed after revocation of supervised release, we review the district court's findings of fact for clear error and its legal conclusions de novo.  *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004)*; see also United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*).  However, when a defendant fails to raise a contemporaneous objection to the district court's allegedly inadequate explanation of the sentence imposed, we review the district court's determination only for plain error.  *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).  "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (citation omitted).

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See* 18 U.S.C. § 3583(e)(2)-(3); Fed. R. Crim. P. 32.1; *Kelley*, 359 F.3d at 1304-05. As previously noted, under § 3582(h), "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment," courts are expressly permitted to impose "a term of supervised release after imprisonment," and this principle implicitly applied even prior to the enactment of subsection (h). *See Johnson*, 529 U.S. at 713.

In imposing a sentence following revocation of supervised release, the district court is required to consider both the Guidelines Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a). *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). The Chapter Seven policy statements apply to violations of probation and supervised release and include applicable Guidelines ranges for sentences following revocation of supervised release. *See* U.S.S.G. Ch. 7 *and* § 7B1.4, p.s. The 18 U.S.C. § 3553(a) sentencing factors include:

> The nature and circumstances of the offense, the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

> pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Cordova,* 461 F.3d at 1188-89 (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005)).

While the instant case involves a sentence following revocation of supervised release, we take instruction from recent cases articulating the principles applicable to a district court's alleged error in failing to consider the § 3553(a) factors or explain the chosen sentence during the original sentencing. The Supreme Court has "made clear that a district judge is not required to give an exhaustive list of reasons" for the sentence imposed. *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008). However, a district court must provide some basis for us to conclude it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007). In turn, unless a party contests the Guidelines sentence generally under § 3553(a), the district court normally does not need to give a lengthy explanation. *See id.* Additionally, when a sentence falls within the Guidelines range, we have said § 3553(c) requires the court to provide only a general statement in explaining the imposition of a sentence. *See Ruiz-Terrazas*, 477 F.3d at 1199. If the sentence is within the correctly-calculated Guidelines range, the sentence is presumptively reasonable,

unless the defendant "rebut[s] this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1054. Even in instances where a sentence is imposed in excess of that recommended by the Chapter Seven policy statements, we have determined it will be upheld "if it can be determined from the record to have been reasoned and reasonable." *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006) (quotation marks and citation omitted).

In this case, Mr. Moore made no prior argument concerning the calculation of the advisory Guidelines range, including application of the Chapter Seven policy statements. Accordingly, the district court did not specifically discuss the policy statements on which it relied, but generally stated that it had considered the applicable advisory Guidelines in imposing Mr. Moore's sentence. In absence of an objection relating to the application of Chapter Seven of the Guidelines, the district court was not required to provide a lengthy explanation as to its reliance on those Guidelines.

In addition, while Mr. Moore did not specifically object to the calculation of the Guidelines range, he did argue for a below-Guidelines sentence at the revocation hearing based on the nature and circumstances of the offenses and his history and characteristics, noting he: (1) only tested positive for cocaine once,

shortly after his release from prison; (2) went to aftercare with no further drug usage violations; (3) committed only petty theft; (4) wanted to get back to work and know his daughter; (5) associated with the wrong crowd; and (6) was tired of being in prison. The government responded by pointing to Mr. Moore's substantial drug and alcohol problem; his four or five significant brushes with the law while on supervised release, which included theft and assault; his association with the wrong crowd; and his failure to make the right choices. Clearly, these are the specific factors the parties believed were relevant for presentation to the district court and which it explicitly stated it had considered. Thus, when the district court imposed a sentence within the Guidelines range, it is clear it rejected Mr. Moore's reasons for imposing a three-month, below-Guidelines-range sentence and based its decision for a Guidelines-range sentence on the government's arguments and Mr. Moore's history of recidivism and his criminal conduct while on supervised release, as evidenced by the district court's repeated reference to his criminal history.

While a more comprehensive explanation might have aided this court in concluding whether a reasoned basis existed for the district court's twelve-month sentence, it imposed a sentence within the recommended Guidelines range, which requires only a general explanation of the reason for the sentence imposed. Even if we determined a more comprehensive explanation was required, we can find no

procedural error. This is because Mr. Moore cannot satisfy either the third or fourth prong of the plain error analysis. To meet the third prong, he must demonstrate his substantial rights were affected, which requires a showing the result of the sentencing proceeding would have been different but for the asserted error. *See United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). Nothing in the record or Mr. Moore's argument indicates the district court would have imposed a different sentence had it provided further or more explicit reasoning for the sentence imposed. *See id.*

Alternatively, Mr. Moore has failed to establish the fourth prong of the plain error analysis, which requires a showing his twelve-month sentence seriously affected the fairness, integrity, or public reputation of judicial proceedings. In order to make this showing, he must demonstrate the district court's limited explanation of his sentence was "particularly egregious" and a failure to correct it would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (*en banc*). Here, Mr. Moore received a sentence within the Guidelines range and the record is devoid of any evidence sufficient to support a lower sentence. Therefore, Mr. Moore has failed to make a showing his sentence is particularly egregious or that a miscarriage of justice occurred.

### III. Conclusion

For these reasons, we **AFFIRM** Mr. Moore's sentence of twelve months imprisonment and twenty-four months supervised release.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge