UNITED STATES of America,
Plaintiff–Appellee,

v.

John PENN, Defendant–Appellant.

No. 09–3169.

United States Court of Appeals,
Tenth Circuit.

March 30, 2010.

Lila Bateman, Morrison & Foerster LLP, Denver, CO, for Defendant–Appellant.

Lanny D. Welch, United States Attorney and Leon Patton, Assistant United States Attorney, United States Attorney's Office, Kansas City, KS, for Plaintiff–Appellee.

Before HARTZ, BALDOCK, and GORSUCH, Circuit Judges.*

BALDOCK, Circuit Judge.

Defendant John Penn pleaded guilty in 1990 to conspiring to distribute cocaine and distributing cocaine in violation of 21 U.S.C. § 841. The district court sentenced him to twenty years of incarceration, followed by five years of supervised release. Defendant began serving his term of supervised release on March 29, 2006. On March 24, 2008, the district court issued a warrant for his arrest for violating the conditions of his supervised release.

At his revocation hearing, Defendant stipulated to three violations: failure to refrain from excessive use of alcohol and possession, use, distribution, or administration of controlled substances; failure to avoid places where controlled substances are illegally sold, used, distributed, or administered; and failure to avoid associating with people engaged in criminal activity. The district court imposed on Defendant fourteen months of imprisonment followed by three years of supervised release as a consequence of these violations.

Defendant appeals on two grounds. First, he asserts the district court violated his due process rights by reinstating supervised release, arguing it was unforeseeable at the time of his original sentencing in 1990 that courts had the authority under 18 U.S.C. § 3583(e) to impose both imprisonment and supervised release as a consequence of violating supervised release conditions. Second, he argues the district court failed to consider the Section 3553(a) factors when imposing another term of

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

supervised release or, in the alternative, the district court considered an improper factor in deciding to impose three additional years of supervised release. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.

■ As Defendant acknowledges, his counsel at the revocation hearing had the opportunity to object to the imposition of supervised release but failed to do so. We therefore review for plain error under the test the Supreme Court outlined in *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See United States v. Uscanga–Mora,* 562 F.3d 1289, 1294 (10th Cir.2009) (explaining that we review for plain error "only when counsel has been given, but has not taken advantage of, an *opportunity* to voice his or her objection"). We may reverse an error to which Defendant made no objection only if (1) there is "error (2) that is plain (3) that affects substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Zuniga–Soto,* 527 F.3d 1110, 1117 (10th Cir.2008) (internal quotations and citations omitted).

■ Defendant first contends the district court erred in imposing additional supervised release as well as reimprisonment when Defendant violated the conditions of his supervised release. To determine whether the district court erred, "we focus on the law in effect at the time of [Defendant's] initial crime" because postrevocation penalties are attributed to the original conviction. *Johnson v. United States,* 529 U.S. 694, 697 n. 1, 701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The version of 18 U.S.C. § 3583(e) in effect both when Defendant committed his original crime in 1988 and when he was originally sentenced in 1990 lists several options a district court has when it modifies

or revokes supervised release. Section 3583(e) provides the court may:

> (2) *[E]xtend a term of supervised release* if less than the maximum authorized term was previously imposed, *and may modify, reduce, or enlarge the conditions of supervised release,* at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure ...; (3) *revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release* without credit for time previously served on postrelease supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release ...; *or* (4) order the defendant to remain at his place of residence during nonworking hours....

18 U.S.C. § 3583(e) (1984) (emphasis added). Because at the time of Defendant's initial offense neither we nor the Supreme Court had addressed the question whether, upon revocation of supervised release, a court could impose on a defendant both imprisonment and additional supervised release or whether a court must choose only one of the options listed in Section 3583(e), we focus on the text of the statute.

It is by no means clear from the statutory text that Section 3583(e) prohibited district courts from imposing both imprisonment and additional supervised release following reimprisonment when revoking a defendant's supervised release. Through textual analysis of either the term "or" or the terms "terminate" and "revoke," it is both possible and reasonable to read the text of Section 3583(e) to allow a court to do exactly what the district court did in this case. *See Johnson,* 529 U.S. at 703–

13, 120 S.Ct. 1795; *United States v. Boling*, 947 F.2d 1461, 1463–64 (10th Cir. 1991), *overruled by United States v. Rockwell*, 984 F.2d 1112, 1117 (10th Cir.1993), *overruled in turn by Johnson*, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727.[1] Though *Johnson* and *Boling* were not decided at the time of Defendant's initial offense, the analysis in them reveals that a logical textual interpretation of Section 3583(e) allows the imposition of both reimprisonment and supervised release. Even though such an interpretation would not have been definite at the time of Defendant's original offense and conviction, it would not have been unreasonable or unforeseeable. As a result, we hold the district court in this case did not err in applying the law.

Moreover, even if we assume the district court did err in applying the law, such an error is not plain. The Supreme Court explained in *Olano* that " '[p]lain' is synonymous with 'clear,' or, equivalently, 'obvious.' " 507 U.S. at 734, 113 S.Ct. 1770. We cannot correct an error under this analysis "unless the error is clear under current law." *Id.* Far from revealing plain error, current law indicates the district court's action was correct. We have affirmed district court impositions of supervised release following reimprisonment as a consequence for violations of supervised release occurring pre-*Johnson*. *See, e.g., United States v. Moore*, 330 Fed.Appx. 736 (10th

Cir.2009) (unpublished); *United States v. Hansen*, 9 Fed.Appx. 955 (10th Cir.2001) (unpublished); *United States v. Begay*, 2000 WL 691079 (10th Cir.2000) (unpublished). Our decision in *United States v. Durfee*, 2000 WL 639476 (10th. Cir.2000) (unpublished) is perhaps most analogous to the instant case. On August 10, 1990, a court sentenced the defendant in *Durfee* to 84 months in prison followed by eight years of supervised release. He later failed to comply with terms of this supervised release, so in 1996 the district court imposed ten months in prison followed by four years of supervised release. We concluded that the law in effect when the defendant committed the original offense in 1990, as interpreted by the Supreme Court in *Johnson*, authorized district courts to impose both reimprisonment and additional supervised release. *Id.* at *12. The Ninth Circuit has also applied the Supreme Court's interpretation of Section 3583(e) in a case in which the defendant's original offense occurred in 1989. *United States v. Anderson*, 519 F.3d 1021, 1022–24 (9th Cir.2008). We conclude that at the time of Defendant's initial offense and sentencing in 1990, "district courts [had] the authority to order terms of supervised release following imprisonment" under Section 3583(e). *Johnson*, 529 U.S. at 713, 120 S.Ct. 1795. The district court in this case, therefore, did not plainly err in im-

---

1. We first considered whether a court may impose both reimprisonment and supervised release under Section 3583(e) in *United States v. Boling*. In *Boling*, we explained that given the legislative history and congressional intent of Section 3583, the "or" in the statute was intended to be conjunctive rather than disjunctive. *Boling*, 947 F.2d at 1463–64. We therefore interpreted the statute to allow district courts to impose imprisonment, supervised release, or both when modifying a defendant's conditions or term of supervised release. *Id.* Then, in *Rockwell*, we overruled *Boling* and concluded, consistent with seven

other circuits, that a district court may reimprison a defendant or extend a defendant's term of supervised release, but not both. 984 F.2d at 1117. After nine circuits reached this result and two reached the opposite, the Supreme Court resolved the circuit split, explaining "unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect." *Johnson*, 529 U.S. at 705–06, 120 S.Ct. 1795. The Court concluded: "in applying the law [of Section 3583(e)], district courts have the authority to order terms of supervised release following reimprisonment." *Id.* at 713, 120 S.Ct. 1795.

posing reimprisonment as well as supervised release.

## II.

■ Defendant also argues the district court erred either by failing to cite the proper sentencing factors in 18 U.S.C. § 3553(a) relating to the imposition of additional supervised release following Defendant's reimprisonment or by citing the impermissible factor of just punishment. Again, as Defendant concedes, we review for plain error because he made no objection on this ground at his revocation hearing. *Olano*, 507 U.S. at 732, 113 S.Ct. 1770; *Zuniga–Soto*, 527 F.3d at 1117.

■ In 18 U.S.C. § 3583(e), Congress provided that, when modifying a term of supervised release, "[t]he court … shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Defendant argues the district court failed to consider any of these factors in relation to the reimposition of supervised release following reimprisonment. Under our plain error analysis, we will not reverse unless the district court committed plain error "affecting substantial rights" and "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732, 113 S.Ct. 1770 (internal quotations omitted). When reviewing the sentence resulting from a defendant's violation of his conditions of supervised release, we usually reverse only if the sentence is " 'plainly unreasonable' " and will affirm as long as " 'it can be determined from the record to have been reasoned and reasonable.' " *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir.2004) (quoting *United States v. White*, 244 F.3d 1199, 1204 (10th Cir.2001)).

■ While we require courts to consider the appropriate factors in sentencing defendants and modifying terms of supervised release, we do not require "ritualistic incantation[s]" of "magic words" to demonstrate compliance with this requirement. *Id.* at 1305 (quoting *United States v. McClellan*, 164 F.3d 308, 310 (10th Cir. 1999)) (internal quotations omitted). "Rather, it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *Id.*; *see also United States v. Rodriguez–Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006) (explaining that the district court is not required to consider individually each § 3553(a) factor before imposing a sentence).

In the instant case, the district court discussed Defendant's violation of the conditions of his supervised release, saying "the appropriate solution to that is to give him a sentence that will protect the public from any desires that he might have to engage in that conduct in the future." *See* 18 U.S.C. § 3553(a)(2)(C) (providing that the court shall consider the need "to protect the public from further crimes of the defendant"). The district court also discussed Defendant's medical condition. *See* 18 U.S.C. § 3553(a)(1) (providing that the court shall consider "the history and characteristics of the defendant"). The court imposed a fourteen month prison term followed by supervised release, with several standard conditions of supervised release. The court then concluded: "I believe that that comports with the considerations that are imposed upon the court by the statutes which deal with the sentencing and by the policy statements issued by the Sentencing Commission, and I think revocation and a 14–month confinement under the circumstances that I've just articulated will carry out the purposes of sentencing that I've articulated." *See* 18 U.S.C. § 3553(a)(4), (a)(5) (providing for the consideration of the applicable guidelines and policy statements).

From our review of the record, the district court's articulation of these factors appears reasoned and reasonable. The court discussed several of the factors found in Section 3553(a) and stated his reasons for imposing both reimprisonment and supervised release. Because we do not require ritualistic incantations of these factors, and because the district court explained his consideration of the defendant's characteristics, protecting the public, and the appropriate statutes and guidelines, we conclude the district court adequately considered the relevant factors and therefore committed no error, and certainly no plain error.

Defendant also urges us to conclude that, in mentioning just punishment, the district court impermissibly relied on 18 U.S.C. § 3553(a)(2)(A), which provides that the court shall consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The relevant portion of 18 U.S.C. § 3583(e) concerning revocation of supervised release provides: "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) ..." 18 U.S.C. § 3583(e). Defendant asks us to conclude the district court erred when it mentioned just punishment, a factor found in Section 3553(a)(2)(A), because Section 3583(e) does not list Section 3553(a)(2)(A) among the factors district courts should consider in modifying or revoking supervised release. Again, as Defendant concedes, we review for plain error because he made no such objection below. *Olano,* 507 U.S. at 732, 113 S.Ct. 1770; *Zuniga–Soto,* 527 F.3d at 1117.

Even if we were to assume the district court's mention of just punishment as a consideration in sentencing Defendant was "error that is plain," such an error must also have affected substantial rights under our plain error analysis. *Olano,* 507 U.S. at 732, 113 S.Ct. 1770. "An error only affects substantial rights when it is prejudicial, meaning that there is a 'reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *United States v. Algarate–Valencia,* 550 F.3d 1238, 1242 (10th Cir.2008) (quoting *United States v. Gonzalez–Huerta,* 403 F.3d 727, 733 (10th Cir.2005)). Nothing indicates the result in this case would have been different if the district court had not taken the need for just punishment into consideration. The district court did not mention just punishment in its initial articulation of its reasons for imposing reimprisonment and supervised release; the court did so when responding to defense counsel's objection to imposing imprisonment at the top end of the permissible range, explaining it believed a fourteen month term of imprisonment was appropriate given "the interests of protecting the public as well as dealing with the individual characteristics of Mr. Penn as well as having a just punishment for his violation under all these circumstances." Because just punishment was not among the initial justifications the district court gave for the sentence it imposed, we see no reason to conclude Defendant's sentence would have been different.

We discern no reason to reverse under our plain error review either the district court's decision to impose reimprisonment and supervised release on Defendant or its articulation of the Section 3553(a) factors it considered in so doing.

AFFIRMED.