NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-3069

———————

UNITED STATES OF AMERICA

v.

OMAR MCBRIDE, Little O,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:92-cr-00671-010)
District Judge: Honorable Paul S. Diamond

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 29, 2023

Before: KRAUSE, AMBRO, SMITH, Circuit Judges

(Opinion Filed: October 2, 2023)

AMBRO, Circuit Judge

Omar McBride appeals the District Court's denial of his motion for a reduced sentence under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). We affirm as to the Court's ruling on incarceration. However, because we agree that it failed to address McBride's request for a modification to his term of supervised release, we vacate and remand.

McBride is nearing the end of a long term of incarceration for conspiring to distribute crack cocaine. He recently motioned the District Court for First Step Act relief, seeking reductions to both his term of incarceration and his term of supervised release. The Court acknowledged that McBride was eligible for the relief he sought but denied his motion in its entirety.

The Court's denial of McBride's request for a lessened term of incarceration was less than lenient. But it was not an abuse of discretion, as the Court reasonably explained its decision and showed that it considered McBride's arguments. *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).

The same cannot be said of its silent denial of McBride's request for a reduced term of supervised release. "We have consistently required that district courts explain and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

justify" this sentencing component. *United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010). Separate analyses of imprisonment and supervised release may be redundant and thus unnecessary when both are clearly informed and supported by a sentencing court's consideration of the relevant 18 U.S.C. § 3553(a) factors specified in 18 U.S.C. § 3583(c). *See United States v. Clark*, 726 F.3d 496, 501 (3d Cir. 2013); *see also United States v. Domínguez-Figueroa*, 866 F.3d 481, 486 n.5 (1st Cir. 2017); *United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015); *United States v. Penn*, 601 F.3d 1007, 1011 (10th Cir. 2010); *United States v. Presto*, 498 F.3d 415, 419 (6th Cir. 2007). However, the Court here was unclear as to why it elected to impose the lengthier of two available terms of supervised release, both of which seem appropriate based on its § 3553 analysis. *See United States v. Murray*, 692 F.3d 273, 281–82 (3d Cir. 2012). "Thus, to the extent that the District Court effectively made [McBride's] supervised release conditions more restrictive, some explanation of why this was necessary would have been helpful." *Id.* We therefore affirm in part and vacate in part the District Court's order and remand for a resentencing consistent with this opinion. In so ruling, we are mindful of the substantive end of the First Step Act's remedial function, as well as the primary purpose of supervised release to "facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280 (citing S. Rep. No. 98–225, at 124 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307).