**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JASON WILLIAM DITTMER,

　　Defendant - Appellant.

No. 22-4095
(D.C. No. 4:21-CR-00115-JNP-PK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **SEYMOUR**, and **MURPHY**, Circuit Judges.
_____

**I. INTRODUCTION**

Jason Dittmer pleaded guilty to one count of possession of methamphetamine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of conspiracy to obstruct justice, *see* 18 U.S.C. § 1512(c)(1), (k). In exchange for Dittmer's guilty plea, the government agreed to (1) dismiss three additional possession-with-intent-to-distribute charges; (2) recommend Dittmer's offense level be decreased two levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and move for an additional one level acceptance-of-responsibility reduction, *id.*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 3E1.1(b); and (3) and recommend Dittmer be sentenced at the low end of the advisory Sentencing Guideline range. The district court varied downward from the bottom of the advisory sentencing range and imposed upon Dittmer a sentence of fifty months' imprisonment.

Dittmer asserts his guilty plea was not knowing and voluntary because he was not informed of all elements of the § 1512(c)(1) charge. He claims that to prove a violation of § 1512(c)(1), the government must demonstrate he contemplated a particular proceeding, at the time of his obstructive conduct, that was reasonably likely to be federal (i.e., the "nexus" requirement). In response, the government notes Dittmer did not raise this issue below and, thus, can only obtain appellate relief by demonstrating the district court committed plain error. It further argues the nexus requirement is not an element of a § 1512(c)(1) charge but is, instead, "an implicit limitation" courts "have read into" § 1512(c)(1)'s mens rea element. Gov't Response Br. at 16. At a minimum, the government avers, the answer to this question is not plain. And, in any event, according to the government, any error did not affect Dittmer's substantial rights because he failed to show a reasonable probability that, absent the error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

This court need not resolve whether the nexus requirement is an element of a § 1512(c)(1) charge or, even if not, whether the Due Process Clause still requires a discussion of the nexus requirement as part of a knowing and voluntary plea. Nor need we resolve whether the answer to these questions is clear or obvious. Instead, it

is enough to conclude Dittmer failed to demonstrate any assumed error affected his substantial rights. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's judgment of conviction.

## II. BACKGROUND

Dittmer has an extensive criminal history. His juvenile record includes fifty-one incidents, including drug charges and crimes like assault, theft, and burglary. His adult criminal record dates to 2003. It includes convictions in approximately twenty-five separate cases of using/distributing drugs, burglary, and domestic violence.

On June 1, 2021, Dittmer sold heroin to a confidential informant working with the Washington County Drug Task Force ("WCDTF"). Three days later, Dittmer sold 2.5 grams of methamphetamine to the informant in another WCDTF controlled purchase. On August 3, 2021, a WCDTF officer stopped Dittmer for driving with a suspended license. A drug dog indicated there were drugs inside Dittmer's truck. The officer searched the truck and Dittmer's person and found 14.8 grams of methamphetamine. Dittmer admitted the methamphetamine was his. On August 23, 2021, officers watched Dittmer as he sat in Anthony Ricketts's car. Dittmer exited Ricketts's car and drove away in his own vehicle. Officers stopped both vehicles. In Ricketts's car, officers found syringes, a digital scale, and about 12 grams of methamphetamine. Ricketts said Dittmer was a drug dealer and the drugs belonged to Dittmer. Officers found more drugs and drug-dealing equipment in Dittmer's possession, including a digital scale, two bags of marijuana, glass pipes, oxycodone

3

and morphine pills, a syringe of heroin, and three baggies containing a total of approximately 5.4 grams of methamphetamine.

Officers arrested Dittmer and booked him into jail. On August 24, 2021, Dittmer called his friend Nicole Baty from a phone in the jail. A WCDTF officer monitored the call. Dittmer told Baty officers had taken his phone "as evidence" and said she needed "to log into my email and erase my phone." Baty agreed to do so. Dittmer provided Baty his account usernames and passwords. The next day, Dittmer again phoned Baty in a monitored call. Baty said she had been "able to get into [Dittmer's] account," "deleted [his] phone," and then "locked it and secured it."

On November 3, 2021, a federal grand jury indicted Dittmer on five counts: (1) distributing heroin on June 1, 2021, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) distributing methamphetamine on June 4, *see id.*; (3) possessing five grams or more of methamphetamine with intent to distribute it on August 3, *see id.* § 841(a)(1), (b)(1)(B); (4) possessing methamphetamine with intent to distribute on August 23, *see id.* § 841(a)(1), (b)(1)(C); and (5) conspiring to obstruct justice, *see* 18 U.S.C. § 1512(c)(1), (k). The parties negotiated a plea agreement. Dittmer agreed to plead guilty to Count 4 (possessing methamphetamine with intent to distribute) and Count 5 (conspiring to obstruct justice). The government agreed to dismiss the three remaining counts, including Count 3, a possession-with-intent-to-distribute count that carried a five-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The government also agreed to move for a full three-level

4

reduction in Dittmer's offense level for acceptance of responsibility and to recommend a sentence at the low end of the Sentencing Guidelines range.

The plea agreement described the elements of the obstruction charge as follows: (1) "The defendant did knowingly and intentionally combine, conspire, confederate, and agree with another"; (2) "To corruptly alter, destroy, mutilate, and conceal a record and document, that is, content of his cell phone"; (3) "With the intent to impair its integrity and availability for use in an official proceeding." The plea agreement also incorporated a stipulation of facts. Dittmer agreed he "knowingly and intentionally combined, conspired, confederated, and agreed with [Baty] to corruptly alter, destroy, mutilate, and conceal a record and document, that is, content of my cell phone, with the intent to impair its integrity and availability for use in an official proceeding." He further stipulated his "conduct obstructed justice by destroying evidence in a federal narcotics investigation."

The plea agreement stated Dittmer understood the charges and "what the United States [was] required to prove" to convict him. Dittmer asserted he had an opportunity to discuss the nature of the charges with his attorney and his attorney explained the nature of the charges against him. He acknowledged he discussed this case and this plea with his lawyer as much as he wished, was satisfied with [his] lawyer, and had no additional questions. At the change of plea hearing on January 24, 2022, Dittmer told the district court he reviewed the plea agreement "in detail" with his counsel. He affirmed he had enough time to discuss his case with his lawyer and was satisfied with his representation. The district court recited the factual stipulation

5

for the obstruction count. Dittmer agreed those facts were true. The district court accepted Dittmer's guilty plea, finding he was "aware of the nature of [his] pleas and charges and the consequences of them" and his plea was knowing and voluntary and supported by facts.

A few months after the district court accepted his guilty plea, defense counsel, Paul Riddle, informed the court Dittmer wanted new counsel appointed so he could potentially pursue withdrawing his plea. He believed evidence existed that would question the "credibility of the investigation." The district court granted Dittmer's request to consult with a different attorney and appointed Robert Hunt for that limited purpose. At a hearing on May 16, 2022, Riddle told the district court both he and Hunt discussed the issue with Dittmer and both attorneys agreed there was no basis for a motion to withdraw the plea. Because Dittmer continued to desire to move forward with an attempt to withdraw his guilty plea, the district court allowed Riddle to withdraw and appointed Ariel Taylor to represent Dittmer. On August 29, 2022, Taylor informed the court he had investigated Dittmer's allegations and found "no basis in the facts or the law" to support them. Taylor concluded any motion to withdraw the plea "would be frivolous." Because Dittmer still believed his claims warranted withdrawing his plea, the district court allowed Dittmer to represent himself for purposes of such a motion.

The district court ultimately denied Dittmer's pro se motion to withdraw his plea. It explained Dittmer had suggested several grounds for withdrawal, including that a particular detective was not credible, some evidence was inappropriately

obtained, law enforcement searched the wrong phone, and Dittmer had been inappropriately arrested on a warrant that should have been rescinded. The district court concluded none of these constituted a "fair and just reason" for withdrawing the plea and the factors governing motions to withdraw a plea weighed against Dittmer's request. The court explained Dittmer had not asserted a claim of innocence, had benefited from a long record of assistance of counsel from three different defense lawyers, and his plea was knowing and voluntary.

At sentencing, the district court calculated a base offense level of twenty-four under the Sentencing Guidelines. That level was established mainly by the attribution to Dittmer of 13.75 grams of "actual" methamphetamine. *See* U.S.S.G. § 2D1.1. The district court applied a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of twenty-one. The total offense level of twenty-one, when combined with Dittmer's criminal history category VI, yielded an advisory sentencing range of 77-96 months' imprisonment. The district court specifically noted that the obstruction charge, with a base offense level of only 14, did not affect the Guidelines calculation. The district court varied downward from the advisory range and imposed a sentence of fifty months' imprisonment.

### III. ANALYSIS

To obtain appellate relief on the unpreserved claim of error he advances on appeal, Dittmer must demonstrate the district court committed plain error. *United States v. Rosales-Miranda*, 755 F.3d 1253, 1257-58 (10th Cir. 2014). To satisfy this demanding standard, Dittmer must "demonstrate: (1) an error, (2) that is plain, which

means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1258 (quotation and emphasis omitted). "[R]elief on plain error review is difficult to get, as it should be." *Id.* (quotations omitted). "Accordingly, we will find plain error only when an error is particularly egregious and the failure to remand for correction would produce a miscarriage of justice." *Id.* (quotation omitted).

In this appeal, the question whether the nexus requirement is an element of a § 1512(c)(1) charge or, alternatively, whether it is an evidentiary aspect of any such charge that must be discussed during a plea colloquy to render a guilty plea to such a charge knowing and voluntary, is quite difficult. Likewise, the issue of plainness is difficult. On the other hand, the question whether any such assumed error affected Dittmer's substantial rights is straight forward. Accordingly, this court proceeds directly to assess whether the alleged error, assuming it is plain, affected Dittmer's substantial rights. *See United States v. Parson*, 84 F.4th 930, 939-40 (10th Cir. 2023) (assuming existence of an error that is plain and proceeding to a substantial-rights analysis); *United States v. Penn*, 601 F.3d 1007, 1012 (10th Cir. 2010) (same).

To prove the assumed error affected his substantial rights, Dittmer must "demonstrate a reasonable probability that but for the error claimed, the result of the proceeding would have been different." *Parson*, 84 F.4th at 940 (quotation omitted). In the context of a guilty plea, this requirement obligates the defendant to show "a reasonable probability that, but for the error, he would not have entered the plea."

*Dominguez Benitez*, 542 U.S. at 83; *see also United States v. Trujillo*, 960 F.3d 1196, 1201-08 (10th Cir. 2020) (holding this requirement applies to the exact assertion of error raised by Dittmer in this appeal—"a case where the district court neglects to advise a defendant of a single element of a charge"). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Parson*, 84 F.4th at 940 (quotation omitted). "The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *Dominguez Benitez*, 542 U.S. at 83 n.9 (quotation omitted).

"In the uninformed-guilty-plea context, a defendant might be able to satisfy the third prong of plain-error review by establishing a plausible defense based on an erroneously omitted element." *United States v. Perez-Perez*, 992 F.3d 970, 975 (10th Cir. 2021). Recognizing this state of the law, the parties tussle over the question whether Dittmer could establish a plausible defense to the nexus requirement. This court concludes, based on the particular facts here, that the parties' arguments on this issue are beside the point. This is true because this is one of those unusual cases in which "establishing a plausible defense based on the omitted element" is not "sufficient to show that the error affected [Dittmer's] substantial rights." *Id.* at 978. That is, even if Dittmer is correct in asserting he can establish a plausible defense to the nexus element, an argument this court finds doubtful, he still cannot demonstrate an effect on his substantial rights.

Dittmer cannot establish the assumed error affected his substantial rights because nothing in the record suggests his decision to enter the guilty plea depended on the § 1512(c)(1) charge. The benefits Dittmer obtained by pleading guilty do not relate to the obstruction charge. Indeed, the record demonstrates the § 1512(c)(1) charge played no part in setting his advisory sentencing range. Instead, by entering the guilty plea, Dittmer obtained relief from the far more serious sentencing exposure he faced from his drug charges. In exchange for his guilty plea, the government (1) dismissed three drug counts, one of which carried a five-year mandatory minimum sentence; (2) recommended a full three-level reduction for acceptance of responsibility; and (3) recommended a sentence at the low end of the Guidelines range. The record indicates Dittmer's plea deal was motivated by a desire to receive a significantly reduced sentence for distribution of methamphetamine. No reasonable probability exists that Dittmer's awareness of a potential defense to the § 1512(c)(1) charge would have made a difference to his strategic calculation.

This conclusion is compelled by our decision in *Perez-Perez*, 992 F.3d at 978-80. In *Perez-Perez*, Perez was indicted on two drug-distribution counts, each of which carried five-year mandatory minimum sentences. *Id.* at 978. Perez ultimately pleaded guilty to (1) an 18 U.S.C. § 922(g)(5) firearms offense and (2) a drug count not subject to a mandatory minimum sentence. *Id.* For the first time on appeal, Perez asserted his guilty plea to the gun charge was not knowing and voluntary because he was not adequately informed of the mens rea element. *Id.* at 974. To determine whether this error affected Perez's substantial rights, *Perez-Perez* examined "what

the plea agreement did for Perez and what it did not do, and how those considerations sp[o]ke to Perez's motivations for accepting the agreement." *Id.* at 978. Because his guilty plea was structured to avoid a mandatory minimum sentence on a separate drug charge, that review led the court to conclude Perez could not demonstrate an effect on his substantial rights, even though he had a plausible defense on an element erroneously omitted from his plea colloquy on the gun charge. *Id.* at 978-79. *Perez-Perez* held that, even if Perez had known of the omitted elements in his gun charge, "there [was] no reason to believe that would have impacted his decision to plead, because it would not have impacted his motivation . . . . to avoid the mandatory minimums." *Id.* at 979. In these circumstances, whether Perez had a plausible defense to the gun charge was not meaningful. *Id.* "[W]hat really mattered was the government's ability to prove the initial drug charges" that carried a mandatory minimum sentence. *Id.* Because Perez did not claim the government would have difficulty proving the drug charges, he failed to show his substantial rights were affected. *Id.*

As was true in *Perez-Perez*, Dittmer's assertion of a potential defense to the obstruction charge does not establish an effect on his substantial rights because the strategic calculation underlying his guilty plea was avoiding a higher sentence and a mandatory minimum for the drug charges. As was true of Perez, Dittmer does not argue "the government would have had any difficulty in proving" the drug charges. *Id.* at 989. Dittmer was caught making controlled sales and possessing drugs and paraphernalia associated with drug distribution on his person and in his vehicle. He

11

confessed the drugs and paraphernalia were his. When the record shows "both a controlled sale of drugs to an informant and a confession," it is "hard to see . . . how" the allegedly deficient plea colloquy "could have had an effect on [the defendant's] assessment of his strategic position." *Dominguez Benitez*, 542 U.S. at 85.

Dittmer contends *Perez-Perez* is distinguishable because, several months after pleading guilty, he attempted to withdraw his plea. Dittmer's motion to withdraw his plea, however, had nothing to do with the nexus requirement. Dittmer's motion was based on claims "a particular detective was not credible," "some evidence was inappropriately obtained," "law enforcement searched the wrong phone," and he was "inappropriately arrested on a warrant that should have been rescinded." Dittmer does not contend on appeal that the district court erred in denying his motion. Nor does he otherwise dispute the conclusion of various trial counsel that his motion was meritless. *See supra* at 6 (explaining how each of three separate attorneys viewed Dittmer's motion to withdraw his guilty plea). *Dominguez Benitez* establishes that Dittmer's motion to withdraw his guilty plea does not support his third-prong plain error argument unless he can establish a "causal link" between the grounds underlying that motion and the alleged deficiency in his plea that he raises on appeal. 542 U.S. at 85. Dittmer does not assert the existence of any such causal link here. Accordingly, Dittmer's motion to withdraw his plea does nothing to show that, but for the assumed error in failing to discuss the nexus requirement during the plea colloquy, he would not have entered the plea in the first place.

## IV. CONCLUSION

For those reasons set out above, the judgment entered by the United States District Court for the District of Utah is hereby **AFFIRMED**.

Entered for the Court

Michael R. Murphy
Circuit Judge